1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NORTH AMERICAN SPECIALTY
     INSURANCE COMPANY,
11
                 Plaintiff,                    No. CIV S-09-2061 GEB EFB
12
            vs.
13
     JOSEPH C. CAMPBELL, individually
14   and also known as JOE CAMPBELL, and
     JOSEPH CHARLES CAMPBELL, and
15   dba JC SHOW HORSES; JC SHOW
     HORSES, LLC; and DEBORAH SAUERS,         ORDER AND
16   individually,                            ORDER TO SHOW CAUSE

17               Defendants.

18   _____/

19          This case was referred to the undersigned pursuant to Eastern District of California Local

20   Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default

21   judgment against defendants Joseph Campbell and JC Show Horses LLC ("defendants").  The

22   motion for default judgment was originally scheduled for hearing on November 25, 2009, but

23   defendants failed to file an opposition to the motion or otherwise appear in this action.

24   Accordingly, on November 24, 2009, the matter was ordered submitted without oral argument

25   pursuant to Local Rule 230.  Dckt. No. 44.  However, on the date of the scheduled hearing,

26   Campbell appeared for oral argument and spoke with the court's courtroom deputy clerk.  That

1

1  same day, Campbell filed a document entitled "answer," in which he denies the allegations in

2  plaintiff's complaint, contends that he was not properly served with the summons, and asserts

3  that he has been attempting to retain an attorney to represent him in this action.  Dckt. No. 46.

4  He also requested time to raise the "balance of the funds necessary to retain [counsel]" but did

5  not indicate how much time he needed to do so.  *Id.*

6      In light of Campbell's November 25, 2009 filing, the court issued an order on December

7  3, 2009, rescheduling the hearing on plaintiff's motion for January 27, 2010.  Dckt. No. 47.  The

8  court stated that "[o]n or before January 6, 2010, Campbell and/or JC Show Horses, LLC shall

9  file an opposition or a statement of non-opposition to plaintiff's motion and/or shall file a request

10  that the court set aside the Clerk's August 26, 2009 entry of default."  *Id.*  The order included a

11  citation to Federal Rule of Civil Procedure 55(c), and stated that "[i]f Campbell and/or JC Show

12  Horses, LLC requests that the court set aside the Clerk's entry of default judgment, that request

13  shall also be noticed for hearing on January 27, 2010."  *Id.*

14      Court records reflect that neither Campbell nor JC Show Horses, LLC has filed an

15  opposition or a statement of non-opposition to plaintiff's motion and/or a request that the court

16  set aside the Clerk's August 26, 2009 entry of default, as required by the court's December 3,

17  2009 order.  Although Campbell has called the undersigned's courtroom deputy clerk indicating

18  that he is unsure what to file or how to do so, his obligations to comply with the December 3,

19  2009 order have not been excused.[1]  *Pro se* litigants are bound by the rules of procedure, even

20  though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th

21  Cir. 1987).  Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition

22  to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

23  Additionally, Local Rule 110 provides that failure to comply with the Local Rules or with an

24  order of the court "may be grounds for imposition by the Court of any and all sanctions

25  _____

26      [1]  Campbell is admonished that neither the court nor its staff may give legal advice.

2

1   authorized by statute or Rule or within the inherent power of the Court." *See also* E.D. Cal. L.R.

2   183 (governing persons appearing *in pro se* and providing that failure to comply with the Federal

3   Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or

4   other appropriate sanction); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow

5   a district court's local rules is a proper ground for dismissal.").

6           Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

7           1. The hearing on plaintiff's motion for default judgment, Dckt. No. 23, currently set for

8   January 27, 2010 is continued to March 3, 2010, at 10:00 a.m., in Courtroom No. 24, and all

9   remaining deadlines set forth in the December 3, 2009 order are vacated.

10          2. On or before February 10, 2010, Campbell and JC Show Horses LLC shall show

11  cause in writing why one or both of them should not be sanctioned for failing to comply with the

12  December 3, 2009 order.

13          3. On or before February 10, 2010, Campbell and/or JC Show Horses LLC shall also file

14  an opposition or a statement of non-opposition to plaintiff's motion and/or shall file a request

15  that the court set aside the Clerk's August 26, 2009 entry of default.

16          4. On or before February 17, 2010, plaintiff shall file a response to any opposition and/or

17  any request to set aside default filed by Campbell and/or JC Show Horses LLC, and shall

18  indicate the effect of Campbell's November 25, 2009 filing and any subsequent filing(s) by

19  Campbell and/or JC Show Horses LLC on plaintiff's motion for default judgment.

20          5. If Campbell and/or JC Show Horses LLC files a request to set aside the Clerk's entry

21  of default, Campbell and/or JC Show Horses LLC may file a reply to plaintiff's opposition

22  thereto on or before February 24, 2010.

23          6. If Campbell and/or JC Show Horses LLC fails to comply with this order, the March 3,

24  2010 hearing will be vacated, sanctions may be imposed against Campbell and/or JC Show

25  Horses LLC, and default judgment may be entered against one or both of those defendants.

26  ////

3

7.  The Clerk is directed to serve a copy of this order on defendants Campbell and JC Show Horses LLC at the following address: 15151 E. Tokay Colony Road, Lodi, California 95240.[2]

DATED:  January 20, 2010.

*Edmund F. Brennan*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  Although defendant JC Show Horses, LLC has not appeared in this action or provided the court with its proper address, plaintiff alleges that Campbell is JC Show Horses, LLC's sole representative and agent.  Dckt. No. 24 at 5.